UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

v.

MARK NASH

                Defendant.
_____

**DECISION AND ORDER**

Case No. 1:23-cr-0156-JLS-JJM

      Familiarity with my December 6, 2024 Report, Recommendation and Order [39][1] is presumed. In that decision, I stated that I was "deeply troubled by the attorney for the government's insistence that the police had not searched a cell phone other than that identified in the search warrant, when he knew that was not true", and I ordered the AUSA to either "write letters to Nash and his attorney (copying the court) apologizing for his conduct, or explain to me in writing why he should not have to do so" by December 20, 2024. Id. at 5-6. He responded in a Letter Brief [43] (sealed), [44] (redacted). Having considered his explanation, for the following reasons I will issue an Amended Report, Recommendation and Order.

**DISCUSSION**

      Although I did not (and do not) believe that requiring the AUSA to write letters of apology to be a formal sanction, he argues that "given the significance of the Court's finding to the attorney involved, it is addressed as if it were". Letter Brief [44] at 2, n. 1. Therefore, I will treat it as such.

---

[1] Bracketed references ae to CM/ECF docket entries, and page references are to CM/ECF pagination.

The AUSA admits that prior to responding to Nash's motion to suppress, he knew that the search warrant at issue "authorized the search of 'One Apple Iphone . . . white in color'" (Letter Brief [44] at 3), and that he "fully understood that [Nash] was claiming that the BPD had searched a different cell phone than the one the warrant authorized law enforcement to search". Id. at 4. Although he claims that Nash "did not specify the manner in which the cell phone that was seized and searched was not the cell phone described in the search warrant" (id.), he could have asked. See Rankin v. City of Niagara Falls, 2012 WL 3886327, at *4 (W.D.N.Y. 2012), adopted in relevant part, 293 F.R.D. 375 (W.D.N.Y. 2013), aff'd, 569 Fed. Appx. 25 (2d Cir. 2014) ("[k]nowledge of facts which, to the mind of a man of ordinary prudence, beget inquiry, is actual notice, or, in other words, is the knowledge which a reasonable investigation would have revealed").

In any event, on November 12, 2024 (five days after responding to Nash's motion) the AUSA received two photographs "show[ing] that the cell phone that was seized and searched was black in color". Letter Brief [44] at 8. He states that "I immediately understood the significance of this information", and "also knew that I needed to correct the factual record for the Court. However, I mistakenly believed that the appropriate time to correct the record was at oral argument on December 4, 2024". Id.

Since "lawyers are under a continuing duty to correct or withdraw litigation positions based on matters that subsequently come to their attention", Jeffreys v. Rossi, 275 F. Supp. 2d 463, 482 (S.D.N.Y. 2003), aff'd, 426 F.3d 549 (2d Cir. 2005), the appropriate time to correct the record was as soon as he learned of his mistake, rather than at oral argument. See Google LLC v. Starovikov, 2022 WL 16948296, at *13 (S.D.N.Y. 2022) (an attorney must "*promptly* correct any unintentional misrepresentations made to the court") (emphasis added).

- 3 -

Although the AUSA now "realize[s] and understand[s] that prior notice of this information, which was clearly relevant to the determination of the suppression motion, should have been given to the Court as well as defense counsel well in advance of oral argument, and that it should have been provided in the form of a written submission", he states that "[i]t was never my intention . . . to withhold from the Court this information regarding the color of the phone that was searched and seized." Letter Brief [44] at 8-9.

While this court has inherent authority "to discipline attorneys who appear before it", that authority "ought to be exercised with great caution". Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991). "To impose sanctions under the Court's inherent authority . . . there must exist clear and convincing evidence that an individual's conduct was not merely negligent but was undertaken with subjective bad faith." S.E.C. v. Smith, 798 F. Supp. 2d 412, 422 (N.D.N.Y. 2011), aff'd in part, dismissed in part, 710 F.3d 87 (2d Cir. 2013). I agree with the AUSA that he "should have handled certain developments differently" (Letter Brief [44] at 1). However, in light of his explanation, I do not find clear and convincing evidence of subjective bad faith on his part.

### CONCLUSION

For these reasons, I will issue an Amended Report, Recommendation and Order.

Dated: December 27, 2024

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge